| | |
|---|---|
| HERBERT JOHNSON, CDCR #P-60805,<br><br>Plaintiff,<br><br>vs.<br><br>SERGEANT JACKSON; DR. SHAKIBA; RN T. STEPHENSON; S GATES; CCII HOMER,<br><br>Defendants. | Case No.: 3:19-cv-0568-DMS-NLS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 1]**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)(1)** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

On February 8, 2019, Herbert Johnson ("Plaintiff"), incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California, initially filed this civil rights action in the Central District of California. (ECF No. 3). On March 26, 2018, United States District Judge Manuel L. Real transferred this matter to the Southern District of California. (ECF No. 5.) Plaintiff has also filed a certified copy of his inmate trust account statement which the Court will liberally construe as a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 1).

1

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

| | |
|---|---|
| 1 | In support of his request to proceed IFP, Plaintiff has submitted a prison certificate authorized by an RJD accounting official and a copy of his CDCR Inmate Statement Report. *See* ECF No. 1; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents shows that Plaintiff had an available balance of zero at the time of filing. *See* ECF No. 1 at 1. Based on this accounting, the Court GRANTS Plaintiff's request to proceed IFP, and will assess no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). See 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The Court will further direct the Secretary of the CDCR, or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.* |

**II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

   A.     <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

///

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   Plaintiff's factual allegations

Plaintiff's Complaint contains very few specific factual allegations and the few allegations that are made are somewhat disjointed and difficult to discern. Plaintiff alleges that Defendant Homer "placed [Plaintiff's] life in danger. *See* Compl. at 3. He alleges Homer transferred him to the "SHU" at Corcoran State Prison for three weeks "with no SHU write up." *Id.* He further claims that his property was stolen. *See id.*

On March 1, 2019, Plaintiff claims he was on the "west side of the yard by the activity room" and observed six inmates being escorted by eight correctional officers. *Id.* at 4. Plaintiff was speaking to another inmate when "two Mexican [inmates] ran up to [him] and beat [him] in his face. *Id.* Plaintiff alleges Sergeant Jackson placed his "life in danger" by allowing general population inmates to be housed on the same yard as

inmates with mental and physical health issues. *See id.* at 6. Plaintiff also alleges that that he has "two bad knees, left knee with chip bone, and medical refuses to give me an operation so that I may be whole." *Id.* at 4. He claims Defendants Shakiba and Stephenson have denied him "medical shoes for [his] damaged feet." *Id.* at 6.

### C. Eighth Amendment Failure to Protect Claims

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety and well-being of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). To state an Eighth Amendment failure to protect claim, however, Plaintiff must allege facts sufficient to plausibly show that (1) he faced conditions posing a "substantial risk of serious harm" to his health or safety, and (2) the individual prison official he seeks to hold liable was "deliberately indifferent" to those risks. *Farmer*, 511 U.S. at 837; *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). To demonstrate deliberate indifference, Plaintiff must allege facts sufficiently to plausibly show that the defendant both knew of and disregarded a substantial risk of serious harm to his health and safety. *Farmer*, 511 U.S. at 837. Thus, Plaintiff must allege "the official [was] both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and [that] he . . . also dr[e]w that inference." *Id.*

Plaintiff alleges insufficient factual allegations from which the Court might reasonably infer that Defendants were aware or became aware that Plaintiff faced any risk, let alone a substantial one from any other inmate. *Iqbal,* 556 U.S. at 678; *see also Gaut v. Sunn*, 810 F.2d 923. 925 (9th Cir. 1987) ("mere threat" of possible harm does not violate the Eighth Amendment); *Berg v. Kincheloe*, 749 F.2d 457, 459 (9th Cir. 1986) (deliberate indifference requires showing of "more than a mere suspicion that an attack will occur."); *Hernandez v. Schriro*, No. CV 05-2853-PHX-DGC, 2011 WL 2910710, at *6 (D. Ariz. July 20, 2011) ("While theoretical risk is always possible, *Farmer* requires more—'conditions posing a substantial risk of serious harm.'").

///

5

3:19-cv-0568-DMS-NLS

Here, while Plaintiff's allegations of being attacked by other inmates are serious, he does not allege any facts that any of the named Defendants were specifically aware of, and disregarded, a substantial risk of serious harm to his health and safety. *Farmer*, 511 U.S. at 837. For example, while Plaintiff appears to allege that Defendant Jackson was present, or nearby, when he was attacked by two inmates, he does not allege that Defendant Jackson had any knowledge that the attack would occur or that he had any specific knowledge of any threat to Plaintiff's safety.

For all these reasons, the Court finds that Plaintiff has failed to state an Eighth Amendment failure to protect claim upon which relief may be granted.

D.     Fourteenth Amendment Due Process claims

Plaintiff alleges that Defendant Homer "ship[ped]" him to the "SHU"[2] at Corcoran State prison "with no SHU write up." Comp. at 3. It is not clear whether Plaintiff was charged with a disciplinary violation or had a disciplinary hearing.

The Due Process Clause protects prisoners against deprivation or restraint of "a protected liberty interest" and "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (internal quotation marks omitted). Although the level of the hardship must be determined in a case-by-case determination, courts look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez,* 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87). Only if an inmate has alleged facts sufficient to show a protected liberty interest does the court next consider

---

[2] "SHU" is an acronym for "secured housing unit."

"whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez,* 334 F.3d at 860.

As currently pleaded, Plaintiff's Complaint fails to allege facts which show that the time he spent in the "SHU" subjected him to any "atypical and significant hardship in relation to the ordinary incidents of prison life." *Id.*; *Sandin*, 515 U.S. at 584. Plaintiff does not compare the conditions of his confinement before or after his purported time in the "SHU." Nor does he allege the degree of restraint it imposed. *Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87).

Moreover, Plaintiff's pleading contains no "factual content that allows the court to draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that Defendants' actions "presented a dramatic departure from the basic conditions of [Plaintiff's] indeterminate sentence," or caused him to suffer an "atypical" or "significant hardship." *Sandin*, 515 U.S. at 584-85; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).

E. Loss of Property claims

Plaintiff also claims that all of his property was "taken and lost" when Defendant Homer "shipped" him to the "SHU" at Corcoran. Compl. at 3.

Where a prisoner alleges he was deprived of a property interest caused by the unauthorized acts of state officials, either negligent or intentional, he cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that the unauthorized negligent or intentional deprivation of property does not violate due process if a meaningful post-deprivation remedy is available). The California Tort Claims Act ("CTCA") provides an adequate post-deprivation state remedy for the random and unauthorized taking of property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California law provides an adequate post-deprivation remedy for any property deprivations.") Thus, to the extent Plaintiff challenges the unauthorized or negligent taking of his personal property in contravention of a statute or

7

3:19-cv-0568-DMS-NLS

regulation authorizing it, the CTCA provides him with an adequate state post-deprivation remedy, and his substantive and procedural due process claims challenging the loss of his property is not cognizable in a § 1983 action.

F.  Duplicative claims

In Plaintiff's Complaint, he alleges that he has been denied "ADA" shoes he claims he requires for his "bunions" and the fact that he has "no nail on big right toe." Compl. at 5. Plaintiff alleges Defendants are denying his "ADA medical shoes for [his] damage[d] feet." *Id.* at 6.

These are claims that are duplicative of those Plaintiff previously raised in *Johnson v. Paramo, et al.*, S.D. Civil Case No. 3:18-cv-02778-BAS-AGS ("*Johnson I*") A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). A prisoner's complaint is considered frivolous if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).

In *Johnson I*, Plaintiff claimed RJD prison officials "refused" to provide shoes for his feet which are medically required for "damage" to his toes. *See Johnson I,* Compl., ECF No. 1, at 6.

Therefore, because Plaintiff already filed an action with identical claims presented in the instant action, the Court must dismiss the duplicative claims brought in this action pursuant to 28 U.S.C. § 1915(e) (2) & 1915A(b). *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.

///
///
///
///

8

### III. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 1) is **GRANTED**.

2. The Secretary of the CDCR, or his designee, shall collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Ralph Diaz, Acting Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

4. The Court **DISMISSES** Plaintiff's Complaint for failing to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

5. The Court **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

///
///

6. The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for Plaintiff's use in amending.

**IT IS SO ORDERED**.

Dated: May 15, 2019

_____
Hon. Dana M. Sabraw
United States District Judge