UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT JOHNSON,<br>CDCR #P-60805,<br><br>                             Plaintiff,<br>     vs.<br><br>SERGEANT JACKSON; DR. SHAKIBA;<br>RN T. STEPHENSON; S GATES; CCII<br>HOMER,<br>                            Defendants. | Case No.: 3:19-cv-0568-DMS-NLS<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT PURSUANT**<br>**TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)(1)** |

**I.    Procedural History**

On February 8, 2019, Herbert Johnson ("Plaintiff"), incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California, initially filed this civil rights action in the Central District of California. (ECF No. 3). On March 26, 2018, United States District Judge Manuel L. Real transferred this matter to the Southern District of California. (ECF No. 5.) Plaintiff had also filed a certified copy of his inmate

1

trust account statement which the Court liberally construed as a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 1).

On May 15, 209, the Court GRANTED Plaintiff's Motion to Proceed IFP but simultaneously DISMISSED his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A. (ECF No. 12.) On June 10, 2019, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 22.)

**II. Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

A. <u>Standard of Review</u>

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

/ / /

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. Plaintiff's factual allegations

Like his original Complaint, Plaintiff's FAC contains very few factual allegations and the allegations that are made are disjointed. Plaintiff claims he was "kidnap[ped] by the power of CCI Homer." (FAC at 3.) He alleges that "because of CCII Homer [his] property is gone and [his] due process rights are violated." (*Id.*) Moreover, he claims Defendant Homer "recklessly" placed him in the "SHU" which put his "life in danger." (*Id.*)

C. Eighth Amendment Failure to Protect Claims

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety and well-being of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). To state an Eighth Amendment failure to protect claim, however, Plaintiff must allege facts sufficient to plausibly show that (1) he faced conditions posing a "substantial risk of serious harm" to his health or safety, and (2) the individual prison official he seeks to hold liable was "deliberately indifferent" to those risks. *Farmer*, 511 U.S. at 837; *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).

To demonstrate deliberate indifference, Plaintiff must allege facts sufficiently to plausibly show that the defendant both knew of and disregarded a substantial risk of serious harm to his health and safety. *Farmer*, 511 U.S. at 837. Thus, Plaintiff must allege "the official [was] both be aware of facts from which the inference could be drawn

that a substantial risk of serious harm exist[ed], and [that] he . . . also dr[e]w that inference." *Id.*

Plaintiff alleges insufficient factual allegations from which the Court might reasonably infer that Defendants were aware or became aware that Plaintiff faced any risk, let alone a substantial one from any other inmate. *Iqbal,* 556 U.S. at 678; *see also Gaut v. Sunn*, 810 F.2d 923. 925 (9th Cir. 1987) ("mere threat" of possible harm does not violate the Eighth Amendment); *Berg v. Kincheloe*, 749 F.2d 457, 459 (9th Cir. 1986) (deliberate indifference requires showing of "more than a mere suspicion that an attack will occur."); *Hernandez v. Schriro*, No. CV 05-2853-PHX-DGC, 2011 WL 2910710, at *6 (D. Ariz. July 20, 2011) ("While theoretical risk is always possible, *Farmer* requires more—'conditions posing a substantial risk of serious harm.'").

Here, Plaintiff does not allege any facts that any of the named Defendants were specifically aware of, and disregarded, a substantial risk of serious harm to his health and safety. *Farmer*, 511 U.S. at 837. For all these reasons, the Court finds that Plaintiff has failed to state an Eighth Amendment failure to protect claim upon which relief may be granted.

D. Fourteenth Amendment Due Process claims

Plaintiff also appears to allege Defendant Homer violated his rights when he placed him in the "SHU". (FAC at 3.) It is not clear whether Plaintiff was charged with a disciplinary violation or had a disciplinary hearing.

The Due Process Clause protects prisoners against deprivation or restraint of "a protected liberty interest" and "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (internal quotation marks omitted). Although the level of the hardship must be determined in a case-by-case determination, courts look to:

4

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez,* 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87). Only if an inmate has alleged facts sufficient to show a protected liberty interest does the court next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez,* 334 F.3d at 860.

As currently pleaded, Plaintiff's FAC fails to allege facts which show that the time he spent in the "SHU" subjected him to any "atypical and significant hardship in relation to the ordinary incidents of prison life." *Id.*; *Sandin*, 515 U.S. at 584. Plaintiff does not compare the conditions of his confinement before or after his purported time in the "SHU." Nor does he allege the degree of restraint it imposed. *Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87).

Moreover, Plaintiff's pleading contains no "factual content that allows the court to draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that Defendants' actions "presented a dramatic departure from the basic conditions of [Plaintiff's] indeterminate sentence," or caused him to suffer an "atypical" or "significant hardship." *Sandin*, 515 U.S. at 584-85; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). Therefore, the Court finds that Plaintiff has failed to allege a Fourteenth Amendment claim upon which relief may be granted.

E. Loss of Property claims

Plaintiff also claims that all of his property is "gone" due to some unspecified actions of Defendant Homer. (FAC at 3.) Where a prisoner alleges he was deprived of a property interest caused by the unauthorized acts of state officials, either negligent or intentional, he cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that the unauthorized negligent or

intentional deprivation of property does not violate due process if a meaningful post-deprivation remedy is available). The California Tort Claims Act ("CTCA") provides an adequate post-deprivation state remedy for the random and unauthorized taking of property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California law provides an adequate post-deprivation remedy for any property deprivations.") Thus, to the extent Plaintiff challenges the unauthorized or negligent taking of his personal property in contravention of a statute or regulation authorizing it, the CTCA provides him with an adequate state post-deprivation remedy, and his substantive and procedural due process claims challenging the loss of his property is not cognizable in a § 1983 action.

F. Leave to Amend

Because Plaintiff has already been provided a short and plain statement of his pleading deficiencies, as well as an opportunity to amend those claims to no avail, the Court finds granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

**III. Conclusion and Order**

For the reasons discussed, the Court:

1) **DISMISSES** this civil action without further leave to amend for failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1);

2) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

3) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: August 12, 2019

Hon. Dana M. Sabraw
United States District Judge